IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH RICHARD HUGHES, et al.

    Plaintiffs,

v.

DANE COUNTY SHERIFFS, et al.

    Defendants.

OPINION & ORDER

Case No. 15-cv-465-wmc

Plaintiffs Kenneth and Michelle Hughes filed two proposed civil complaints, and on May 30, 2017, the court consolidated those two complaints. In doing so, the court dismissed plaintiffs' claims related to their niece's custody as barred by the *Rooker-Feldman* doctrine, but granted plaintiffs leave to file an amended complaint, correcting the deficiencies related to their other proposed claims. Specifically, the court explained that plaintiffs' allegations suggesting that Kenneth was the victim of police misconduct, excessive force and false imprisonment were too vague to satisfy the requirements of Federal Rule of Civil Procedure 8, as well as still intermixed with their dismissed allegations related to their niece's custody. (Dkt. #9, at 5.) Now Michelle Hughes has filed a proposed amended complaint and supplement (dkts. ##10, 11), which again is subject to dismissal for multiple reasons. Since this new pleading is, if anything, more unfocused in the range of claims and unrelated events, now spanning multiple decades, and continues to have a focus on family law issues (particularly, divorce and custody issues), the court has no choice but to dismiss it. Out of deference to plaintiffs' *pro se* status, however, the court will give them 30 days leave to submit a short, well-pleaded second amended complaint that corrects the

1

deficiencies described below by addressing *only* the facts directly related to claims of police misconduct, excessive force and false imprisonment arising out of Kenneth's arrest in October of 2014. Failing that, the court will enter a dismissal in this case with prejudice.[1]

ALLEGATIONS OF FACT[2]

Michelle is the only signatory of the proposed amended complaint, which appears to have been drafted only from her perspective. In it, Michelle narrowed the number of defendants from 18 to two -- the Dane County Sheriff's Office and Jefferson County Human Services -- which is laudable. However, she continues to list numerous claims -- fraud, identity theft, medical malpractice, police misconduct, malicious prosecution, double jeopardy and "several" civil rights violations -- most of which are insufficiently related to each other and void of sufficient facts to overcome a motion to dismiss. What is more, Michelle's allegations now appear to arise from multiple narratives that span several decades.

The following represents the court's attempt to briefly summarize these varied claims:

1. **Identity theft and Fraud.** Michelle alleges that Kenneth's mother Betty, who worked at the Dane County Circuit Court, has stolen Kenneth's identity since birth, and that Betty, Kenneth and Michelle's sister, Cari, have been committing various crimes involving identity theft and fraud since then. First, by virtue of unestablished paternity and an informal adoption, Kenneth has held himself out under three different surnames: Prochnow, Kozubek and Hughes. Second, when Michelle and Kenneth were married in 1997, Kenneth used the last name Hughes even though his legal last name was Kozubek. While Kenneth and Michelle are now divorced, Michelle suggests that the divorce proceeding was invalid. Third,

---

[1] Should plaintiffs wish to make a sincere effort to file such a complaint, they are welcome to contact the court's *pro se* clerk's for guidance.

[2] For purposes of this order, the court accepts all well-pled allegations in the proposed amended complaint as true.

2

when Michelle took Kenneth's last name, Michelle's sister Cari then stole her identity by changing her name to Michelle Marie Crossman. Michelle believes that Betty, Kenneth and Cari have been committing tax fraud and defrauding various state and federal benefit programs.

2. **Custody, placement and legal status of children.** While the court expressly dismissed *all* claims related to the placement of plaintiffs' niece "L," explaining that this court may not exercise jurisdiction over claims related to state custody determinations under the *Rooker-Feldman* doctrine, Michelle now adds numerous, additional parental right-type claims related to L and her own biological children. Apparently as a function of their stolen identities, Betty caused Kenneth and Michelle's biological children to be recorded in the Jefferson County Register of Deeds incorrectly. Michelle attaches various documents related to Michelle's apparent efforts to complain to Jefferson County about fraud and identity theft, as well as her attempt to correct the name changes with the State of Wisconsin.

   These allegations are paired with a theory that her sister Cari gave birth to a child -- the "L" described in their original complaint -- who Michelle claims was biologically Michelle's and Kenneth's, by virtue of a doctor stealing her eggs during a procedure. Michelle also alleges that Cari's parental rights were terminated in 2015. As such, while Michelle appears to be seeking to include an additional challenge to the accuracy of the birth certificates of all her biological children, Michelle appears to continue to pursue a challenge to L's 2013 placement as well, now possibly under a theory that Michelle is L's biological mother, not her aunt.

3. **Kenneth's October 2014 arrest.** On October 8, 2014, Michelle called the non-emergency number at the Dane County Sheriff's Office. The details surrounding that phone call are unclear, but apparently it resulted in Kenneth being arrested that same day and charged with three counts of domestic disorderly conduct, then released. During this time, the police also allegedly pressured Michelle to agree to seek a temporary restraining order against Kenneth. On January 5, 2015, the charges against Kenneth were dismissed, although it appears that this arrest may have started a chain of events that led to L's change in physical placement and ultimately termination of Cari's parental rights. Michelle purports to bring claims of police misconduct, excessive force, false imprisonment, malicious prosecution and double jeopardy related to this incident.

OPINION

The proposed amended complaint suffers from multiple, fatal flaws that plaintiffs still need to correct if they wish to proceed any further with this lawsuit. At the outset,

Michelle appears to have drafted the complaint from her perspective and *only* Michelle signed it, so Kenneth must be dismissed. Federal Rule of Civil Procedure 11 requires that, when unrepresented by an attorney, each individual plaintiff must sign the complaint, and one *pro se* plaintiff cannot sign on behalf of another. 28 U.S.C. § 1654; *Moore v. Roth,* 1990 WL 60735, at *2 (N.D. Ill. Apr. 24, 1990) (dismissing complaint where named plaintiff did not sign complaint; noting danger that inmate could attempt to recycle frivolous complaints using the names of other inmates as plaintiffs). Thus, even though Michelle insists that she is pursuing claims on behalf of her and Kenneth's family, if Kenneth wishes to proceed as a party to this lawsuit, and he and Michelle prepare an acceptable amended complaint within 30 days, then Kenneth *must* separately sign it to avoid dismissal.

As for Michelle, she cannot pursue *any* of the claims that derive from purported fraud and identity theft or the mistaken recording of their children's names in their birth certificates. These claims all challenge, in one way or another, state court judgments, and as the court previously explained, the *Rooker-Feldman* doctrine precludes a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Nor may a litigant avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action, as plaintiff appears to be attempting to do in her amended complaint. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Rather, litigants who feel that a state court proceeding has violated their federal constitutional rights must challenge that decision by appeal through the state court system, and if appropriate, to the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996).

Although the allegations remain difficult to decipher, with new allegations related to identity theft and Michelle's belief that L is her biological child further muddying the waters, plaintiff plainly seeks to challenge state administrative and judicial actions related to legal names, establishment of paternity, custody and placement of their children -- all issues that remain in state court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings).[3]

This leaves the only remaining narrative outlined in the proposed amended complaint that *might* be viable as a federal claim, though not in the confusing, conclusory way it is now alleged: claims arising out of Kenneth's October 2014 arrest and dismissed charges. Previously the court acknowledged the possibility that the events surrounding that arrest might permit Kenneth to proceed on a claim pursuant to 42 U.S.C. § 1983 because the facts referenced a possible illegal arrest that resulted in a dismissal of charges. However, the court explained that even those allegations were too vague and unwieldy to pass muster under Federal Rule of Civil Procedure 8, and at least as pleaded, were inextricably linked to allegations and claims related to L's custody that cannot proceed in federal court. Indeed,

---

[3] While a biological parent has a fundamental right to parent their child, which is protected by the due process clause of the Fourteenth Amendment, *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981), such a claim does not exist under the scenario plaintiff describes. Rather, a parent *may* be deprived of that right if not afforded notice and an opportunity to be heard with respect to termination of parental rights or the removal of a child from the parental home. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982). As the allegations focus on Michelle's belief that her relatives and a doctor duped her into believing that her biological child was actually her niece, and allege nothing about a denial of due process with regard to termination of *her* parental rights, Michelle's allegation that L is her biological child does not confer federal jurisdiction on this court as pleaded.

5

the proposed, amended complaint actually alleges *additional* facts related to the fall-out leading up to L's removal from their custody and the injury caused by this incident, including allegations related to Kenneth's identity and the custody proceeding. Michelle even alleges that *she called the police* to the house, and she includes no allegations suggesting that any police officers used excessive force during the course of Kenneth's arrest. Therefore, the true gist of this claim appears to continue to challenge issues that this court cannot address. *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (concluding that a claim challenging evaluations made by defendants involved in child placement decision could not be brought in a § 1983 lawsuit because the alleged injury was not distinct from the state court judgment). While plaintiffs may accurately perceive all of the events as part of the same narrative, the obvious answer is that all claims belong in state court.

Moreover, if Kenneth has abandoned this lawsuit, an additional question becomes whether Michelle can state a claim with respect to Kenneth's arrest. While Michelle claims that she was pressured by Dane County police officers to sign a temporary restraining order, she does not include any facts suggesting that her own constitutional rights were violated as a result of the October 2014 arrest. For example, Michelle may have witnessed the arrest and had to deal with the repercussions of her then-husband's arrest and charges, at least as currently plead, the facts do not suggest that she, personally, was a victim of excessive force or false arrest. Given that there is no vicarious assertion of a Fourth Amendment right, Michelle does not appear to have standing to bring a constitutional claim arising out of Kenneth's arrest. *See United States v. Aguilar*, No. 13-cr-184, 2013 WL 6039289, at *3 (N.D.

6

Ill. Nov. 12, 2013) (citing *United States v. Fuesting*, 845 F.2d 664, 672 (7th Cir. 1988) (rejecting vicarious assertion of a spouse's constitutional Fourth Amendment rights)).

For all of these reasons, this lawsuit must be dismissed as pleaded in the proposed amended complaint, but the court will give plaintiffs leave to amend and file a proposed second amended complaint within 30 days to correct the problems described above. In doing so, the second amended complaint will need to: (1) clarify whether Kenneth wishes to proceed as a plaintiff in this lawsuit by either having Kenneth sign the proposed amended complaint or excluding him from this lawsuit; (2) limit the allegations and claims *only* to the constitutional claims related to Kenneth's October 2014 arrest; and (3) explain how *Michelle's* constitutional rights were violated by that arrest. The failure to do these things by June 8, 2018, will result in the court entering a dismissal with prejudice.

If plaintiffs file a second amended complaint, the court must once again screen it pursuant to § 1915(e)(2). Accordingly, as previously explained, the court emphasizes that plaintiffs should draft it as if they are telling a story to someone who knows nothing about their situation, including an explanation as to: (1) what happened to make them believe they have a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist them in relation to those events. Plaintiffs cannot proceed unless their second amended complaint omits claims related to identity theft, parental rights and custodial determinations, and names as defendants the individuals associated with the Dane County Sheriff's Department's arrest of Kenneth, as the department itself

is not a proper party to claims brought under 42 U.S.C. § 1983. *See Best v. City of Portland,* 554 F.3d 698, 698 n.1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983"). After finishing the draft of any amended complaint, they should review it and consider whether it could be understood by someone who is not familiar with the underlying facts of the case. If not, they should make the necessary changes.

This is plaintiffs' **last** chance to comply with the court's directives. If plaintiffs fail to file a second amended complaint within 30 days that solves the problems repeatedly identified in this and earlier orders of the court, then this case will be dismissed with prejudice for failure to state a claim.

ORDER

IT IS ORDERED that:

1. Plaintiffs Kenneth and Michelle Hughes' proposed amended complaint (dkt. #10) is DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

2. **Plaintiffs may have until June 8, 2018, to submit a second amended complaint that corrects the problems described above. If plaintiffs submit a second amended complaint by that deadline, the court will take it under advisement for screening. If plaintiffs fail to respond by that deadline with a pleading that corrects those problems, then the case will be dismissed with prejudice.**

Entered this 8th day of May, 2018.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge